UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Mission Information
Resources, Inc.</u>

v.                          Civil No. 12-cv-172-JL

<u>Alexander Hult</u>

**SUMMARY ORDER**

Mission Information Resources, Inc. ("MIR"), a New Hampshire
corporation, has sued its former executive vice president of
operations, Alexander Hult, a West Virginia citizen.  MIR alleges
that Hult (1) brought a claim for unpaid wages against MIR in a
West Virginia court, despite a provision in his employment
agreement that New Hampshire courts are the exclusive venue for
such claims, (2) deleted certain files on his work-issued
computer before returning it to MIR, and (3) falsely represented,
in trying to secure a mortgage on his home, that his wife was
also employed by MIR.  Based on this conduct, MIR's amended
complaint makes several state-law claims against Hult, as well as
a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030
(the "CFAA").  MIR seeks damages and a declaratory judgment that
it is not liable on Hult's wage claim, on the theory that MIR has
"paid Hult all wages and compensation owing and due."

This court has jurisdiction over this matter under 28 U.S.C.
§ 1332(a)(1) (diversity), as well as, by virtue of the CFAA

claim, 28 U.S.C. §§ 1331 (federal question) and 1367
(supplemental jurisdiction).  Hult has moved to dismiss MIR's
amended complaint for failure to state a claim for relief, see
Fed. R. Civ. P. 12(b)(6), which the court treats as motion for
judgment on the pleadings, see Fed. R. Civ. P. 12(c), since it
was not filed until after Hult had already filed an answer and
counterclaim.  Hult argues that, first, MIR waived its claims
against him by failing to bring them as counterclaims in the West
Virginia action and, second, the amended complaint fails to
plausibly allege any claim against him regardless.  For the
reasons set forth below, the motion is denied.

**Waiver**.  Hult argues that MIR "waived" the claims it asserts
against him here by failing to assert them as counterclaims when
he sued MIR in West Virginia, despite their "compulsory"
character.  In support of this argument, Hult relies on West
Virginia caselaw invoking the doctrine of res judicata to hold
that, when a defendant fails to assert a compulsory counterclaim,
he is barred from asserting it at trial in that action, Carper v.
Kanawha Banking & Trust Co., 207 S.E.2d 897, 920 (W. Va. 1974),
or, following a final judgment on the merits, in a subsequent
suit, Lloyd's, Inc. v. Lloyd, 693 S.E.2d 451, 459 (W. Va. 2010).

These cases--and the doctrine of res judicata--are
inapposite here (which may be why Hult labels his argument

"waiver" yet relies on res judicata cases without acknowledging them as such, going so far as to lop the clause "and an adverse decision to the putative claimant is res judicata" off of the end of the passage he quotes from Carper, supra).  An essential element of res judicata is "a final adjudication on the merits in the prior action," Lloyd's, 693 S.E.2d at 458 (formatting altered), and Hult's suit against MIR in West Virginia did not end with a final adjudication on the merits.  It ended, according to Hult, when he voluntarily "withdrew" it following MIR's commencement of the present action here.  Hult provides no authority for the novel proposition that, if a plaintiff voluntarily dismisses his suit before the defendant files a compulsory counterclaim, the defendant is forever barred from asserting that claim as a result.  Hult's motion to dismiss is denied insofar as it is based on his "waiver" argument.

**Failure to state a claim**.  Hult argues in the alternative that MIR's amended complaint fails to state a claim against him in any of its six separately numbered counts:  (1) breach of the employment agreement, (2) declaratory judgment that MIR does not owe Hult any unpaid compensation, (3) breach of a separate confidentiality agreement between the parties, (4) breach of the duty of loyalty, (5) unjust enrichment, and (6) violation of the CFAA.  Hult's arguments are either self-evidently strained (e.g.,

3

given his withdrawal of the West Virginia action, there is no longer an actual controversy over whether MIR owes unpaid wages to Hult, even though he is seeking to recover allegedly unpaid wages through his counterclaim here) or depend on an erroneously stringent view of federal pleading requirements (e.g., that, at the pleading stage, MIR needs to "identify [the] files, programs, folders and systems" that Hult allegedly deleted from his MIR-issued laptop in order to state claims based on that conduct).

The motion's request to dismiss the breach of loyalty claim is moot, insofar as that claim is based on Hult's alleged false statement, in applying for a mortgage, that his wife also worked for MIR. The court has already stricken the breach of loyalty claim, to the extent that it is premised on that alleged conduct, based on discussions with counsel at the preliminary pretrial conference. Order of Nov. 28, 2012, at 1. Hult complains that MIR has nevertheless asked for discovery on that theory but, if that is in fact the case, a motion to dismiss is not the appropriate vehicle for seeking relief. Rather, if there are disagreements among the parties as to the proper scope of discovery, counsel should meet and confer regarding those disagreements, see Fed. R. Civ. P. 26(c)(1), and, if they are unable to reach agreement, avail themselves of this court's informal procedure for resolving discovery disputes, Order of

4

Nov. 28, 2012, at 2-3.  The court is optimistic that this will
not be necessary, however.

**<u>Conclusion</u>**

For the foregoing reasons, Hult's motion to dismiss
(document no. 32) is DENIED.  This ruling is not intended to
suggest that all of MIR's claims against Hult will ultimately
succeed or, for that matter, that what MIR stands to gain even if
they do--or, conversely, what Hult stands to gain if he prevails
on his claim for unpaid wages--will justify the seemingly
disproportionate resources the parties have so far committed to
this dispute (which has already spanned three different courts).

Indeed, briefing on the motion to dismiss alone included a
reply and sur-reply, and encompassed some 38 pages.  MIR, for its
part, has already filed two unsuccessful separate motions for
preliminary injunction--and appealed this court's denial of those
motions to the First Circuit, only to dismiss the appeal after
filing its brief--and, also unsuccessfully, opposed Hult's fairly
routine request to strike the default initially entered against
him in this action.  If the parties wish, this court is available
to assist the parties in trying to resolve their dispute through
mediation instead.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 17, 2013

cc:  Edward S. Mazurek, Esq.
     Brendan P. Mitchell, Esq.
     Kathleen A. Davidson, Esq.
     Jamie N. Hage, Esq.