```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW HAMPSHIRE
```

Mission Information
Resources, Inc.

    v.                                    Civil No. 12-cv-172-JL

Alexander Hult


### SUMMARY ORDER

Mission Information Resources, Inc. ("MIR"), a New Hampshire corporation, has sued its former executive vice president of operations, Alexander Hult, a West Virginia citizen.  MIR alleges that Hult (1) brought a claim for unpaid wages against MIR in a West Virginia court, despite a provision in his employment agreement that New Hampshire courts are the exclusive venue for such claims, (2) deleted certain files on his work-issued computer before returning it to MIR, and (3) falsely represented, in trying to secure a mortgage on his home, that his wife was also employed by MIR.  Based on this conduct, MIR's amended complaint makes several state-law claims against Hult, as well as a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA").  MIR seeks damages and a declaratory judgment that it is not liable on Hult's wage claim, on the theory that MIR has "paid Hult all wages and compensation owing and due."

This court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) (diversity), as well as, by virtue of the CFAA

claim, 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).  Hult has moved to dismiss MIR's amended complaint for failure to state a claim for relief, see Fed. R. Civ. P. 12(b)(6), which the court treats as motion for judgment on the pleadings, see Fed. R. Civ. P. 12(c), since it was not filed until after Hult had already filed an answer and counterclaim.  Hult argues that, first, MIR waived its claims against him by failing to bring them as counterclaims in the West Virginia action and, second, the amended complaint fails to plausibly allege any claim against him regardless.  For the reasons set forth below, the motion is denied.

**Waiver**.  Hult argues that MIR "waived" the claims it asserts against him here by failing to assert them as counterclaims when he sued MIR in West Virginia, despite their "compulsory" character.  In support of this argument, Hult relies on West Virginia caselaw invoking the doctrine of res judicata to hold that, when a defendant fails to assert a compulsory counterclaim, he is barred from asserting it at trial in that action, Carper v. Kanawha Banking & Trust Co., 207 S.E.2d 897, 920 (W. Va. 1974), or, following a final judgment on the merits, in a subsequent suit, Lloyd's, Inc. v. Lloyd, 693 S.E.2d 451, 459 (W. Va. 2010).

These cases--and the doctrine of res judicata--are inapposite here (which may be why Hult labels his argument

"waiver" yet relies on res judicata cases without acknowledging them as such, going so far as to lop the clause "and an adverse decision to the putative claimant is res judicata" off of the end of the passage he quotes from Carper, supra).  An essential element of res judicata is "a final adjudication on the merits in the prior action," Lloyd's, 693 S.E.2d at 458 (formatting altered), and Hult's suit against MIR in West Virginia did not end with a final adjudication on the merits.  It ended, according to Hult, when he voluntarily "withdrew" it following MIR's commencement of the present action here.  Hult provides no authority for the novel proposition that, if a plaintiff voluntarily dismisses his suit before the defendant files a compulsory counterclaim, the defendant is forever barred from asserting that claim as a result.  Hult's motion to dismiss is denied insofar as it is based on his "waiver" argument.

**Failure to state a claim**.  Hult argues in the alternative that MIR's amended complaint fails to state a claim against him in any of its six separately numbered counts:  (1) breach of the employment agreement, (2) declaratory judgment that MIR does not owe Hult any unpaid compensation, (3) breach of a separate confidentiality agreement between the parties, (4) breach of the duty of loyalty, (5) unjust enrichment, and (6) violation of the CFAA.  Hult's arguments are either self-evidently strained (e.g.,

given his withdrawal of the West Virginia action, there is no longer an actual controversy over whether MIR owes unpaid wages to Hult, even though he is seeking to recover allegedly unpaid wages through his counterclaim here) or depend on an erroneously stringent view of federal pleading requirements (e.g., that, at the pleading stage, MIR needs to "identify [the] files, programs, folders and systems" that Hult allegedly deleted from his MIR-issued laptop in order to state claims based on that conduct).

    The motion's request to dismiss the breach of loyalty claim is moot, insofar as that claim is based on Hult's alleged false statement, in applying for a mortgage, that his wife also worked for MIR.  The court has already stricken the breach of loyalty claim, to the extent that it is premised on that alleged conduct, based on discussions with counsel at the preliminary pretrial conference.  Order of Nov. 28, 2012, at 1.  Hult complains that MIR has nevertheless asked for discovery on that theory but, if that is in fact the case, a motion to dismiss is not the appropriate vehicle for seeking relief.  Rather, if there are disagreements among the parties as to the proper scope of discovery, counsel should meet and confer regarding those disagreements, see Fed. R. Civ. P. 26(c)(1), and, if they are unable to reach agreement, avail themselves of this court's informal procedure for resolving discovery disputes, Order of

Nov. 28, 2012, at 2-3.  The court is optimistic that this will not be necessary, however.

**Conclusion**

For the foregoing reasons, Hult's motion to dismiss (document no. 32) is DENIED.  This ruling is not intended to suggest that all of MIR's claims against Hult will ultimately succeed or, for that matter, that what MIR stands to gain even if they do--or, conversely, what Hult stands to gain if he prevails on his claim for unpaid wages--will justify the seemingly disproportionate resources the parties have so far committed to this dispute (which has already spanned three different courts).

Indeed, briefing on the motion to dismiss alone included a reply and sur-reply, and encompassed some 38 pages.  MIR, for its part, has already filed two unsuccessful separate motions for preliminary injunction--and appealed this court's denial of those motions to the First Circuit, only to dismiss the appeal after filing its brief--and, also unsuccessfully, opposed Hult's fairly routine request to strike the default initially entered against him in this action.  If the parties wish, this court is available to assist the parties in trying to resolve their dispute through mediation instead.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 17, 2013

cc:  Edward S. Mazurek, Esq.
     Brendan P. Mitchell, Esq.
     Kathleen A. Davidson, Esq.
     Jamie N. Hage, Esq.